UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

HECTOR BERMUDEZ-ZENON,
    Plaintiff,

v.

MYRIAM ALLENDE-VIGO, et al.,
    Defendants

Civil No. 05-1528(HL)

# ORDER

Plaintiff initiated this action *pro se* on May 18, 2005. (Docket No. 1). Defendants were served on November 29, 2005, as evidenced by the return of service. (Docket No. 8).

Defendants answered the complaint on January 18, 2006 (Docket No. 13), and have thrice moved for its dismissal without opposition: (1) Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed on February 16, 2006 (Docket No. 14); (2) Motion to Dismiss for Plaintiff's Lack of Prosecution pursuant to Fed. R. Civ. P. 41(b) (Docket No. 19); and, (3) Motion to Dismiss for Lack of Prosecution and to deem prior motions to dismiss as unopposed (Docket No. 20). Over four (4) months have elapsed since the defendants' first request for dismissal without word from the plaintiff.

Defendants moved for dismissal of plaintiff's claims with prejudice for want of prosecution, having certified service of all pleadings to plaintiff's address of record. The Court has notified plaintiff of all Orders to the same address; no correspondence has been returned as undeliverable.

On June 20, 2006, the Court entered an Order to Show Cause directing plaintiff to respond to defendants' motion to dismiss or show cause as to why dismissal with prejudice should not be granted for his failure to prosecute this action.

Fed. R. Civ. P. 41(b) allows a Court to dismiss an action for failure to prosecute.

2

"Despite the breadth of this language, however, [courts] have recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000), citing *Hutchins v. A.G. Edwards & Sons, Inc.,* 116 F.3d 1256, 1260 (8th Cir. 1997).

In *Zavala Santiago v. González Rivera*, 553 F.2d 710, 712 (1st Cir. 1977), the First Circuit held that district courts unquestionably have the authority to dismiss a case with prejudice for want of prosecution and that this power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of a defendant.

In view of plaintiff's inaction in the face of three motions to dismiss and plaintiff's disregard for the Court's Order (Docket No. 21), the Court concludes that plaintiff has indeed failed to prosecute the case and that dismissal is thus warranted.

WHEREFORE, all premises considered, this action is hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 10th day of July, 2006.


s/ Héctor M. Laffitte
HECTOR M. LAFFITTE
U.S. DISTRICT JUDGE