IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HECTOR BERMUDEZ-ZENON<br><br>Plaintiff<br><br>vs<br><br>MYRIAM ALLENDE-VIGO<br>SHAKA BERMUDEZ-ALLENDE<br>SAMORY BERMUDEZ-ALLENDE<br>THE POLICE DEPARTMENT OF THE COMMONWEALTH OF PUERTO RICO, Represented by Pedro Toledo, Superintendent<br>THE COMMONWEALTH OF PUERTO RICO, Represented by the Secretary of Justice Hon. Roberto Sánchez-Ramos,<br>POLICEMAN ARNALDO MONROIG, #32450<br>POLICEMAN GUZMAN<br>POLICEWOMAN ISSAC<br><br>Defendants | CIVIL 05-1528CCC |

**O R D E R**

The case before us is a civil rights action, filed pursuant to 42 U.S.C. §§1981, 1982 and 1983, Puerto Rico's Civil Code, Articles 1802 and 1803 and 29 L.P.R.A. §146. It arises from events allegedly occurring during the early morning hours of May 18, 2004. Plaintiff pro se Héctor Bermúdez-Zenón alleges that he suffered damages at the hands of defendants Myriam Allende-Vigo, Shaka Bermúdez-Allende and Samory Bermúdez-Allende, his wife and their sons respectively,("family members")[1] as well as the Commonwealth of Puerto Rico, its police department, and three of its police agents Arnaldo Monroig, Nancy Isaac Burgos and Luis Guzmán Ocasio , who, it is alleged, illegally arrested and detained him.

---

[1]The allegations against the family member are supplemental claims filed pursuant to Art. 1802 of the Civil Code of Puerto Rico.

CIVIL 05-1528CCC                                        2

The action is now before us on a Motion to Dismiss filed by defendants Commonwealth of Puerto Rico, the Police Department of Puerto Rico, and police agents Monroig, Isaac-Burgos and and Guzmán-Ocasio on February 16, 2006 (**docket entry 14**), which plaintiff opposed.

Eleventh Amendment Immunity

Defendants' first ground for relief is the Eleventh Amendment immunity enjoyed by the Commonwealth, its Police Department, and the individual police agents in their official capacity. The Eleventh Amendment bars recovery of damages in a federal court against the Commonwealth of Puerto Rico. Culebras Enterprises Corp. V. Rivera Ríos, 813 F.2d 506, 516 (1st Cir. 1987). This immunity extends to governmental instrumentalities that are an arm or "alter ego" of the state. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984 ). The Police Department is an alter ego of the Commonwealth of Puerto Rico and as such suits against it are barred by the Eleventh Amendment. Cestero v. Rosa, 996 F. Supp. 133, 142-43 (D. Puerto Rico 1998). It is settled law that the Puerto Rico Police Department cannot be sued in federal court for both under either federal or state law. Puerto Rico Art. 1803 of the Civil Code of Puerto Rico and 29 L.P.R.A. §146. Moreover, "[i]t is well established that neither a state nor a state agency is a 'person' for purposes of §1983 and, thus, that §1983 does not trump the state's immunity." Ryan v. Illinois Department of Children and Family Services, 185 F.3d. 751, 758 (7th Cir. 1999). Therefore, the claims against the Commonwealth and its Police Department  fall.

Similarly, under the Eleventh Amendment, the individual defendants, in their official capacity, are immune from suit  for monetary damages. See, e.g. Carrasquillo v. Puerto Rico, 2007 WL 1844029 (1st Cir. 2007); Cruz Gómez v. Rivera Hernández, 444 F.3d. 29, 32 (1st Cir. 2006).

Defendants argue that complaint does not state a claim of supervisory liability under §1983 against Police Superintendent Pedro Toledo. Toledo, however is not a defendant in this suit.  His

CIVIL 05-1528CCC                                              3

name appears in the caption of the complaint only in the capacity of representing defendant Police Department.  The complaint contains no allegations against him personally.

Sections 1981 and 1982

Plaintiff, in his opposition to the motion, docket entry 30, acknowledges that he does not have a claim under 42 U.S.C. §1981, which addresses the denial of equal rights based on racial discrimination. Section 1982, which addresses racial discrimination in rights related to real and personal property, is also inapplicable to this case.

Absence of Claim for False Arrest

In the instant case, the plaintiff states that he was arrested due to a fraudulent 9-1-1 call, and illegally held for more than twelve hours. The movants set forth their own version of the facts.  The conflict between the parties' appreciation of the events giving rise to this suit creates an issue of fact which cannot be addressed by a motion to dismiss.  Defendants must file a motion for summary judgment accompanied  by evidence that supports their allegations, which the plaintiff then has the opportunity to refute.

Qualified Immunity

Monroig, Isaac-Burgos and Guzmán-Ocasio claim qualified immunity from liability. More than a page of the motion is dedicated to setting for the general rules and criteria for establishing qualified immunity, wrapping it up with the conclusion that they are

> shielded from liability by the doctrine of qualified immunity since plaintiffs's allegations do not invoke a constitutional right, the right allegedly violated was not clearly established on the date of the events alleged in the complaint, and also because it was objectively reasonable for defendants to believe that their actions would not violate plaintiff's rights.

Motion to Dismiss, p.11

The fact as alleged by the plaintiff, state a claim for illegal arrest/seizure of his person, a violation of right protected by the Fourth Amendment.  This violation was clearly

CIVIL 05-1528CCC                                              4

established by the time the 2004 events averred in the complaint occurred.  See, generally, Santiago v. Fenton, 891 F.2d 373 (1st Cir. 1989); Wagenmann v. Adams, 829 F.2d 196 (1st Cir. 1987).

The police agents themselves acknowledge that such determination "turns on the particular facts of the case.  Movants have presented no facts in support of their conclusion that the agents' conduct was objectively reasonable to believe that their actions did not violate plaintiff's Fourth Amendment rights.  Therefore, based on the facts before us, the police agents are not entitled to qualified immunity.

Due Process

As with Superintendent Toledo, movants seek to dismiss a claim for due process where there is none. It is evident from this pro se complaint that plaintiff was invoking the Fourteenth Amendment for its generally applicability to states, not a specific due process claim.

Pendant Claims

Although not raised by movants, it is unclear from the complaint whether plaintiff meant to bring a tort claim against the police agents.  There being no allegations against them beyond those of the false arrest, we interpret the complaint to state a tort claim under Art. 1802 only against the family members.  29 L.P.R.A., which is invoked by the plaintiff address discrimination in employment, and is inapplicable here.

Inasmuch as the there is a federal claim remaining, supplemental jurisdiction over the pendant parties is appropriate.

Accordingly, for the above stated reasons, the Motion to Dismiss is GRANTED in part and DENIED in part. The motion is GRANTED as to the dismissal of:

1) the suit in its entirety against the Commonwealth of Puerto Rico and its Police Department;

CIVIL 05-1528CCC                                              5

2) the claims under 42 U.S.C. §§1981 and 1982, Art. 1803 of the Civil Code of Puerto Rico and 29 L.P.R.A. §146;

3) claims against Arnaldo Monroig, Nancy Isaac Burgos and Luis Guzmán Ocasio in their official capacity.

Partial Judgment will enter dismissing these claims and defendants.

    The motion to dismiss is DENIED as to:

1) the Fourth Amendment claim under 42 U.S.C. §1983 against police agents Arnaldo Monroig, Nancy Isaac Burgos and Luis Guzmán Ocasio in their personal capacity;

2) request for dismissal of the Article 1802 claims against family members.

    The remaining defendants are GRANTED until September 28, 2007 to submit a Motion for Summary Judgment, if they so choose

    SO ORDERED.

    At San Juan, Puerto Rico, on August 31, 2007.


                                      S/CARMEN CONSUELO CEREZO
                                      United States District Judge