IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HECTOR BERMUDEZ-ZENON<br><br>Plaintiff<br><br>vs<br><br>MYRIAM ALLENDE-VIGO<br>SHAKA BERMUDEZ-ALLENDE<br>SAMORY BERMUDEZ-ALLENDE<br>THE POLICE DEPARTMENT OF THE<br>COMMONWEALTH OF PUERTO RICO,<br>Represented by Pedro Toledo,<br>Superintendent<br>THE COMMONWEALTH OF PUERTO<br>RICO, Represented by the Secretary of<br>Justice Hon. Roberto Sánchez-Ramos,<br>POLICEMAN ARNALDO MONROIG,<br>#32450<br>POLICEMAN GUZMAN<br>POLICEWOMAN ISSAC<br><br>Defendants | CIVIL 05-1528CCC |

## O R D E R

The case before us is a civil rights action, filed pursuant to 42 U.S.C.§§ 1981, 1982 and 1983, Puerto Rico's Civil Code, Articles 1802 and 1803 and 29 L.P.R.A.§ 146. It arises from events allegedly occurring during the early morning hours of May 18, 2004. Plaintiff Héctor Bermúdez-Zenón alleges that he suffered damages at the hands of defendants Myriam Allende-Vigo, Shaka Bermúdez-Allende and Samory Bermúdez-Allende, his wife and their sons respectively,("family members") as well as the Commonwealth of Puerto Rico, its police department, and three of its police officers. The pro se complaint is unclear as to which claims apply to which defendants. Because the §1983 federal civil rights action does not ordinarily lie against private parties such a plaintiff's wife and children, the claim against them is an extra-contractual one brought under Article 1802 of the Civil Code of Puerto Rico.

CIVIL 05-1528CCC                                              2

The action is now before on his family members' "Motion to Dismiss" filed October 2, 2006 (**docket entry 33**), which remains unopposed. The movants contend that the complaint fails to state a federal cause of action against them because they were not acting under color of state law and, therefore, there is no pendant jurisdiction.

Notwithstanding the absence of a federal claim against movants, the Court may still retain jurisdiction over them. As of this date there is a pending Fourth Amendment Claim against the three individual police officers, Arnaldo Monroig, Nancy Isaac Burgos and Luis Guzmán Ocasio under §1983.

With regard to supplemental jurisdiction, 28 U.S.C.§1367 states, in pertinent part:

> (a) . . . in any civil action of which the district courts have original jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III or the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

The state law claims alleged against movants Myriam Allende-Vigo, Shaka Bermúdez-Allende and Samory Bermúdez-Allende fall within the parameters of §1367(a). Accordingly, their Motion to Dismiss (**docket entry 33**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on August 31, 2007.

                                         S/CARMEN CONSUELO CEREZO
                                         United States District Judge