IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HECTOR BERMUDEZ-ZENON<br><br>Plaintiff<br><br>vs<br><br>MYRIAM ALLENDE-VIGO<br>SHAKA BERMUDEZ-ALLENDE<br>SAMORY BERMUDEZ-ALLENDE<br>THE POLICE DEPARTMENT OF THE<br>COMMONWEALTH OF PUERTO RICO,<br>Represented by Pedro Toledo,<br>Superintendent<br>THE COMMONWEALTH OF PUERTO<br>RICO, Represented by the Secretary of<br>Justice Hon. Roberto Sánchez-Ramos,<br>POLICEMAN ARNALDO MONROIG,<br>#32450<br>POLICEMAN GUZMAN<br>POLICEWOMAN ISSAC<br><br>Defendants | CIVIL 05-1528CCC |

## OPINION AND ORDER

The case before us, filed pursuant to the Civil Rights Act, arises from events occurring during the early morning hours of May 18, 2004. Plaintiff Héctor Bermúdez-Zenón alleges that he suffered physical injuries at the hands of family members/codefendants: his wife Myriam Allende Vigo and sons Shaka and Samory Bermúdez-Allende, as well as violations of his rights under the Fourth and Fourteenth Amendments of the United States Constitution by the Commonwealth of Puerto Rico, the Puerto Rico Police Department, and three of its police agents. As we stated in an earlier opinion, the pro se complaint is unclear as to which claims apply to which defendants–it contains only vague and generic allegations as to all defendants without any distinction between the police agents and the civilian family members. After dismissal of the Commonwealth of Puerto Rico, its police department, and the police agents in their official capacities and the claims under 42 U.S.C. §§1981 and 1983, and Art. 1803 of the Civil Code of Puerto Rico, the only remaining federal claims are those under Section 1983 against the police agents in their personal capacities for the

CIVIL 05-1528CCC                           2

alleged violation of plaintiff's Fourth and Fourteenth Amendment rights. The Court now has before it three motions for summary judgment filed by police agents Luis Guzmán-Ocasio, Nancy Isaac-Burgos and Arnaldo Monroig on September 28, 2008 **(docket entries 45, 47** and **49** respectively) seeking dismissal of the remaining federal claim. The motions remain unopposed.

Agent Guzmán's motion can be dispatched on one salient point: his absence from and lack of participation in the events alleged. The uncontested fact that Guzman has never met the plaintiff and did not work on May 18, 2004, the date of the events in question, is supported by his statement under penalty of perjury dated September 27, 2007, as well as a copy of his Puerto Rico Police Department Attendance Report for the period of May 3, 2004 through May 30, 2004, which reflects that May 18, 2004 was his day off.

According to the allegations of the complaint, the police agents became involved in the incident when they responded to a 9-1-1 call from Bermúdez' wife, defendant Allende Vigo, reporting domestic violence by her husband. Plaintiff states the policemen arrived at 4:30 a.m., arrested him and took him to the San Juan Treatment and Diagnosis Center for treatment of the injuries suffered at the hands of his family members. He was then detained for approximately twelve hours.

Because defendants Isaac and Monroig did participate in the events in issue, we address their motions together. Both police officers aver that their actions did not violate plaintiff's rights under the Fourth or Fourteenth Amendments of the United States Constitution.

The uncontested material facts, as supported by the accompanying documentation, particularly the sworn statements of Isaac and Monroig reflect the following:

Both police agents are assigned to work in Precinct 162 of Río Piedras. Neither one of them had ever met the plaintiff or his family members prior to events of May 18, 2004. Between 4:00 and 5:00 a.m. a call was received at their precinct, dispatched through the 9-1-

CIVIL 05-1528CCC                                            3

1 emergency system, regarding a Law 54 (domestic violence) violation in progress at the plaintiff's home in Villa Los Olmos urbanization in Río Piedras, which is within the area of coverage of their precinct.  Isaac and Monroig were assigned to investigate the complaint and they went to the scene in a patrol car.  Upon arriving at the residence, they found plaintiff in the garage and his wife and sons in the house.  They interviewed the family members who informed them that the plaintiff and his spouse had argued, that he used profane language against her, became extremely aggressive and defiant to the point that his two sons, fearing for their mother's safety, removed him from the house.  Allende stated that she wished to file charges against her husband.  The officers determined that there was probable cause to arrest plaintiff for a violation of Puerto Rico's Public Law 54, which makes domestic violence a crime.  After plaintiff's arrest the officers, accompanied by Allende, took him to the police station.  The following morning, Allende returned to the police station and stated that she did not want to file charges under Law 54, but that she did want plaintiff out of the house and a protection order to keep him away.

The Fourth Amendment of the United States Constitution, which is made applicable to Puerto Rico through the Due Process Clause of the Fourteenth Amendment, provides: "The right of the people to be secure in their persons against unreasonable searches and searches, shall not be violated, and no warrants shall issue, but upon probable cause." The Supreme Court of the United States, however, has held that a police officer may arrest a suspect without a warrant if, the officer has probable cause to believe that the suspect has committed a crime.  See, Michigan v. DeFillippo, 443 U.S. 31, 36 (1979).

Where a Section 1983 claim raises an alleged civil rights violation based on a warrantless illegal arrest and incarceration, the focus of the inquiry is whether the police had probable cause for the arrest and detention.  Valente v. Wallace, 332 F.3d. 30, 32 (1st Cir. 2003); See, also, Acosta v. Ames Department Stores, Inc., 386 F.3d. 5, 9 (1st Cir. 2004),

CIVIL 05-1528CCC                                            4

(The Fourth Amendment's prohibition against unreasonable searches and seizures is not offended where there is probable cause for an arrest.)

The Court of Appeals analyzed this issue in Burke v Town of Walpole, 405 F.3d. 66, (2005):

> Probable cause determinations are, virtually by definition, preliminary and tentative. The exact degree of certainty required to establish probable cause is difficult to quantify; it falls somewhere between "bare suspicion" and what would be needed to 'justify . . . conviction." As always, the touchstone of the Fourth Amendment is reasonableness. Probable cause thus exists if the facts and circumstances within the relevant actors' knowledge and of which they had reasonable reliable information would suffice to warrant a prudent person in believing that a person has committed or is about to commit a crime.
> ....
> The existence of probable cause is based on the facts and circumstances known at the time of the arrest rather than in hindsight. One who asserts the existence of probable cause is not a guarantor either of the accuracy of the information upon which he has reasonably relied or of the ultimate conclusion that he reasonably drew therefrom.

Burke, supra, at 80-81(citations omitted).

That conclusion, as stated, need only be reasonable; the standard does not require the officers' conclusion to be ironclad, or even highly probable. Cabrera-Negrón v. Municipality of Bayamón, 419 F. Supp. 2d 49, 56 (D. Puerto Rico 2006). Moreover, once police officers are presented with sufficient evidence on which to base a determination of probable cause, whether in the form of a victim's complaint or any other manner, they need not conduct any further investigation on that point. Id.

As in Cabrera-Negrón, the officers in our case made their determination of probable cause on the Law 54 violation against plaintiff based on the victim and the sons' statements to the police officers upon their arrival at the scene. We also have the benefit of hindsight; based on the same facts from the same source, the Court of First Instance found that, indeed, plaintiff had committed a violation of Law 54.

CIVIL 05-1528CCC                                                5

The Resolution and Protection Order issued on May 24, 2004 by the Puerto Rico Court of First Instance, (docket entry 47, attachment 8) which found Allende's testimony to be fully credible, included the same versions of facts upon which the officers had made their appraisal of probable cause when they arrested and detained plaintiff who, according to finding of fact number five (5) of the protection order, physically resisted removal from the house. The judge concluded that Allende was a victim of domestic violence under the Domestic Abuse Prevention and Intervention Act, Public Law No. 54 of August 15,1989. Allende was summoned by the police to file a criminal case against Bermúdez-Zenón, but she did not appear.

For the above-stated reasons, the Court finds that it is uncontested that the defendant Luis Guzmán-Ocasio was not working on May 18, 2004 and took no part in the events giving rise to this action, and that defendants Nancy Isaac-Burgos and Arnaldo Monroig had probable cause to arrest plaintiff Bermúdez Zenón without a warrant for domestic violence, in violation of Puerto Rico Law 54. Therefore, his arrest and detention did not violate his Fourth and Fourteenth Amendment rights under the United States Constitution. Accordingly, the Motions for Summary Judgment (**docket entries 45, 47** and **49**) are GRANTED and the civil rights claims against them, filed pursuant to 42 U.S.C. §1983, are DISMISSED. There being no remaining federal claims in this action, judgment will enter also dismissing the supplemental claims under Puerto Rico law and the pendant parties, without prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on June 24, 2008.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge